IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL TATE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No.  04-385-MJR |
| DR. CHAPMEN, PAM GRUBMAN, | ) |
| and DR. NEWBOLD, | ) |
| | ) |
|     Defendants. | ) |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants Pam Grubman and Steven Newbold's Motion to Dismiss. **(Doc. 25)**. Defendants filed a memorandum in support. **(Doc. 26)**. Plaintiff has filed a response. **(Doc. 31)**.

### Nature of Plaintiff's Claims

Plaintiff Carl Tate is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs.  As construed by the Court on preliminary review, he alleges that, while he was incarcerated at Menard Correctional Center, "he was forced to wait over five months to get a cavity filled, leading to the set-in of an infection before the filling was finally done. His second claim is that for over a year, he was not provided with crowns for his cracked front teeth, causing him extreme pain. His third claim involved the lack of a filling in another tooth, leading to loss of the tooth." **See, Doc. 15, p.1.**

**Grounds for Motion**

Defendants argue that the complaint should be dismissed because the complaint fails to state a cause of action for deliberate indifference.

**Standard for Determination under Rule 12(b)(6)**

In deciding a motion to dismiss under **Fed.R.Civ. P. 12(b)(6)**, the Court must accept as true all the factual allegations made in the Complaint, and must give Plaintiff the benefit of all reasonable inferences to be drawn from those facts.  *Antonelli v. Sheahan*, **81 F.3d 1422, 1427 (7th Cir. 1996)**.  The motion should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)."  *Id.*  And, of course, the Court is mindful that *pro se* pleadings must be liberally construed.  *Id.*, **and cases cited therein**.

The Court must view the facts in the light most favorable to the non-moving party.  The motion should not be granted unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, **163 F.3d 449, 452 (7th Cir.1998).**

**Analysis**

**28 U.S.C. §1915A(b)** directs the Court to screen prisoner civil rights cases and to dismiss the complaint or any portion thereof which "is frivolous, malicious, *or fails to state a claim upon which relief may be granted*." [emphasis added.]  Despite the fact that the Court performed the screening mandated by statute and determined that no part of the complaint is subject to dismissal, defendants Grubman and Newbold now move the Court to dismiss the complaint for

failure to state a claim upon which relief may be granted.

The Eighth Amendment prohibits "deliberate indifference to serious medical needs." ***Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).**  A medical condition is serious if failing to treat it could lead to further significant injury or unnecessary and wanton infliction of pain.  ***Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)**.

Defendants first argue that plaintiff has not identified an objectively serious medical need which obviously mandates treatment.  They point out that "a doctor's attention is not always immediately necessary for every cavity or dental problem."  **See, Doc. 26, p.3**.

It is obvious that, with regard to all three claims, plaintiff has alleged a situation that mandates the attention of a dentist.  He alleges that an untreated cavity has become infected, causing him pain and making him unable to eat.  With regard to the second claim, the refusal to cap his front teeth, he again alleges pain and resulting headaches, and further alleges that Dr. Chapman agreed that he needs crowns, but that, because he in prison, "all they can do is pull the teeth."  **Doc. 1, p. 5**.  The third claim is that Dr. Chapman filled the wrong tooth, and that defendants have refused to fill the right one, again causing pain and possible loss of the tooth.

Defendants next argue that plaintiff's allegations amount to only a disagreement over the proper course of treatment and that he has, at most, alleged negligence and not deliberate indifference.  On the contrary, plaintiff alleges that the long wait to have teeth filled has caused his tooth to become infected, that Dr. Chapman agreed that he needs crowns but that defendants refuse to provide that treatment because he is a prisoner, and that defendants refuse to fill the right tooth after having filled the wrong tooth.  These claims go beyond an allegation of negligence, and they suffice to state a claim for deliberate indifference.

Discovery in this case may provide the basis for a motion for summary judgment. However, the case is not subject to dismissal on the pleadings.

### **Recommendation**

This Court recommends that Defendants Pam Grubman and Steven Newbold's Motion to Dismiss **(Doc. 25)** be **DENIED**.

Objections to this Report and Recommendation must be filed on or before June 13, 2006.

**Submitted: May 24, 2006.**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**