IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL TATE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No.  04-385-MJR** |
| **DR. CHAPMAN, PAM GRUBMAN,** | ) |
| **and DR. NEWBOLD,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge Michael J.

Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court are two motions for summary judgment:

•  Motion for Summary Judgment filed by defendants Pam Grubman and Steven

Newbold **(Doc. 50)**; and

•  Defendant Dr. Nathan Chapman's Motion for Summary Judgment **(Doc. 54)**.

Defendants' motions are supported by memoranda and exhibits.  **(Docs. 52, 55, 56)**.

The notice required by ***Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)** was served on

plaintiff.  **See, Docs. 52, 60.**  Plaintiff has filed responses.  **(Docs. 65 and 66)**.

## Nature of Plaintiff's Claims

Plaintiff Carl Tate is an inmate in the custody of the Illinois Department of Corrections.

He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by

defendants' deliberate indifference to his serious medical needs.  He makes three separate claims

regarding dental care received at Menard Correctional Center.  His claims are as follows:

1

1.     Plaintiff claims that a five month wait to have a cavity filled violated his Eighth Amendment rights.  From September to December, 2003, Tate complained about a cavity in a tooth in his upper left jaw.  In January, 2004, the tooth became infected.  He was seen by Dr. Chapman in that month, but, instead of pulling the tooth, it was filled.  He names Pam Grubman and Dr. Chapman in this claim. **Doc. 1, pp. 4-5**.

2.     Plaintiff's front teeth (#8 and #9) are cracked and need crowns.  He alleges that he has been denied crowns by all three defendants.  Dr. Newbold put him on the list to receive a type of crown, but the dentist also told him it might take three months to a year.  Plaintiff asserts that both the length of the wait and the type of crown he is to receive violated his rights.  He alleges that Dr. Chapman agreed that he needs crowns, but, since he is in prison, all they can do is pull his teeth.  He also alleges that Dr. Newbold told him that he will receive "plastic" crowns, and that, since he is locked up, he will not get the same kind of treatment that he would if he were "in the world."  **Doc. 1, p. 5**.

3.     Plaintiff claims that, on January 26, 2004, Dr. Chapman filled the wrong tooth.  The dentist filled a cavity in the upper left jaw, but Tate had a cavity in a tooth in the lower left side that needed to be filled.  The tooth that was not filled has caused him pain, and he wrote to the dentist and to Pam Grubman, but he has not been called back to get that tooth filled.  He alleges that the "they have a custom and policy to wait 4 years to get [a] cavity filled which will subject me to more pain [and] lost [sic] of tooth," which he alleges is deliberate indifference. **Doc. 1, p. 5**.

Defendant Pam Grubman was the health care unit administrator at Menard.  Dr. Chapman is a dentist who treated Menard residents.  Dr. Newbold is a dentist who was employed by the IDOC and who treated plaintiff once.  **See, Doc. 51, p.6**.

Defendant argue that they are entitled to summary judgment because plaintiff has not demonstrated that they were deliberately indifferent.  Rather, they contend that he has shown nothing more than a disagreement over the appropriate course of treatment.  In addition, defendants argue that they were not subjectively aware of plaintiff's dental needs, and  Grubman argues that, as an administrator, she could not override the treatment decisions of the health care providers.

2

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of  "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the

suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  **Clifton v. Schafer, 969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed.  **Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981).**

### Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical needs."**Oliver v. Deen, 77 F.3d 156, 159 (7th Cir.1996) (quoting Estelle v. Gamble, 429 U.S. 97, 97 St. Ct. 285 (1976)**).  Unnecessary pain and suffering, if sufficiently serious, may implicate the Eighth Amendment.  **See, Estelle, 97 S. Ct. at 290.**  In order to prevail on his constitutional  claim, plaintiff must show that the failure to treat was due to a prison official's deliberate indifference to his serious medical needs.  Plaintiff must satisfy the two-part test enunciated in **Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**.  The test has an objective and a subjective component.  That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard.  **Reed v. McBride, 178 F. 3d 849, 852 (7th Cir. 1999).**

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain."  **Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997)**.

It is well settled that  negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**.  **See, Estelle, 97 S. Ct. at 292; Wood v. Woracheck, 618 F.2d 1225 (7th Cir. 1980)**.  Likewise, the provision of a course of treatment other than that preferred by the inmate

4

will not create liability.  **Estelle**, 97 S. Ct. at 293; **Burns v. Head Jailor**, 576 F. Supp. 618 (N.D. Ill. 1984).   An inmate has no right to a particular course of treatment of his choosing. **Meriweather v. Faulkner**, 821 F.2d 408, 413 (7th Cir. 1987).

<u>Analysis</u>

Defendants have filed a copy of plaintiff's dental records, with a chart summarizing same.  **See, Exhibit A, Doc. 51.**  Unfortunately, it appears that even defendants are unable to read some portions of the dental record.  Insofar is it is legible, the record indicates that plaintiff received frequent dental attention for a variety of problems.

This case concerns dental treatment while plaintiff was at Menard.  Plaintiff was assigned to Menard from May 17 to October 16, 2002; June 4, 2003, to September 7, 2004; and October 20, 2004, to September 14, 2005.  **Exhibit 1, Doc. 56.**  During the periods he was at Menard, he was given extensive dental care.  Dr. Chapman treated him for a problem with tooth #17 on October 7, 2002.  He missed an appointment with Dr. Chapman on June 16, 2003, because he went to yard.  On July 28, 2003, Tate was scheduled to have his front teeth (#8 and #9) extracted and a partial denture made.  This partial was to be paid for by plaintiff out of his own money and the extractions were scheduled to be done by Dr. Chapman on August 26, 2003.  On that date, plaintiff refused treatment because he did not have the money. Dr. Chapman noted that he spoke with plaintiff on that date about the long waiting list for a partial.

Plaintiff was seen again by Dr. Chapman regarding tooth #14 on January 5, 2004.  This tooth had gross decay and was non-restorable without a root canal and post and crown.  Dr. Chapman noted that root canals and crowns are not done at Menard.  The  tooth was scheduled to be extracted on January 26, 2004, but plaintiff refused to have the extraction done, and the

5

cavity was filled.  The noted indicates that the prognosis was guarded and that the patient was aware of the possibility of extraction in the future.

The January 26, 2004, note also indicates that plaintiff asked about getting crowns, presumably for his upper teeth.  Dr. Chapman told him that no crowns were done in the IDOC, but referred him to Dr. Newbold for a second opinion.

Dr. Newbold saw plaintiff on March 9, 2004, and informed plaintiff that the IDOC does not provide crowns "as such," but that composite crowns could be fabricated.   Dr. Chapman talked with a counselor on March 16, 2004, about plaintiff's grievance and the fact that plaintiff claimed that the wait for treatment was cruel and unusual punishment.  Chapman noted that Tate was on the waiting list for fills along with several hundred other inmates, and that his choices were extraction of teeth or the composite build ups.  He also noted that Tate could purchase Tylenol for pain.

Plaintiff was seen again for dental complaints at Menard in January, February, March, April, May, July, and September, 2005.

The composite crowns were put on teeth 8 and 9 on February 14, 2005.

**Count 1 - delay in filling cavity**

Carl Tate's deposition is attached as to **Doc. 56 as Exhibit C**.  His first claim involves tooth number 14.  For some period of time before January, 2004, plaintiff had throbbing pain in tooth 14.  He saw a dentist at Menard on January 4, 2004.  The tooth was x-rayed, and the dentist told Tate that he had a deep cavity, but the dentist might be able to fill it.   He was given antibiotics and Motrin.  On  January 26, 2004, Chapman filled the tooth.  Plaintiff testified that he had pain in the tooth even after it was filled, and it developed an abscess.  It was extracted in

6

February, 2006.  **Exhibit C, pp. 26- 39**.  According to plaintiff, a dentist at Pinckneyville told him that the tooth should never have been filled, but should have been extracted in the first place.  Plaintiff's allegation with regard to tooth 14 is that it should have been tended to earlier than it was.  Although it was not mentioned in the complaint, he testified that Dr. Chapman denied him pain medication for that tooth.  **Exhibit C, pp. 43 -49, 58-59.**

The dental records verify plaintiff's assertion that there is a waiting list at Menard for some dental procedures.  On August 26, 2003, Chapman noted that he informed plaintiff that there was a long waiting list for a partial.  The entry for March 18, 2004, documents a conversation with a counselor about a grievance filed by plaintiff.  The notes indicates that the plaintiff was "on the waiting list for fills along with several hundred other inmates."   Attached to **Doc. 66** is a counselor's response written by N. Schwarz which states that the dental clinic staff stated that "to have cavities filled required about a 4 year waiting period."  However, the record reflects that plaintiff received regular and frequent dental examinations and treatment, and,  despite the fact that there was a waiting list, he did not wait longer than a matter of months for the fillings at issue in this lawsuit.

Defendants Grubman and Chapman are entitled to summary judgment on count 1 for several reasons.  First, on the record presented, the fact that Tate had to wait for five months to have tooth #14 filled does not constitute deliberate indifference.   The Eighth Amendment requires only that the prison provide "adequate, minimum-level medical care."  ***Johnson v. Doughty***, 433 F.3d 1001, 1013 (7th Cir. 2006).  Plaintiff received adequate, minimum-level care here.  A delay in treatment rises to the level of deliberate indifference only where the delay is detrimental to the inmate's health.  See, ***Walker v. Benjamin***, 293 F.3d 1030, 1038 (7th Cir.

2002); *Langston v. Peters*, **100 F.3d 1235, 1240-1241 (7th Cir. 1996).**   Here, there is no

evidence that the delay caused a serious health problem.  The Eighth Amendment simply does

not grant plaintiff a right to have a cavity filled immediately.

Grubman is entitled to judgment for the additional reason that, as the administrator of the

health care unit, she was entitled to rely on the fact that plaintiff was being seen regularly by the

dentist.  See, *Johnson v. Doughty*, **433 F.3d 1001, 1011, 1015 (7th Cir. 2006)**; *Greeno v. Daley*,

**414 F.3d 645, 656 (7th Cir. 2005)**

## Count 2 - crowns

The claim that is stated in the complaint, which was filed on June 7, 2004, was that

defendants denied him crowns on his front teeth.  He has received composite crowns on the teeth

since the filing of the lawsuit.

Composite, as opposed to porcelain, crowns were put on teeth 8 and 9 on February 14,

2005.  Plaintiff claims that the policy of the IDOC is to provide composite crowns because they

are cheaper than porcelain.  However, he claims that the composite crowns do not work well, and

do not permit him to eat many kinds of foods or to drink hot or cold beverages.  He testified that

he must break his food into small pieces, and is usually unable to finish his food tray in the time

allowed for meals.  Plaintiff believes that Dr. Newbold should have authorized porcelain crowns

for him, but refused to do so because of the cost.  Exhibit C, pp. 53-56, 64 - 65.  He testified that

both Chapman and Newbold told him that he should not eat on the composite crowns, that they

would not last long and would fall out.  The composite crowns have not fallen out to date.

**Exhibit C, p. 55**.

Defendants are entitled to summary judgment because this count establishes only a

disagreement about the appropriate course of treatment, which does not state an Eighth Amendment violation.  "[T]he Constitution is not a medical code that mandates specific medical treatment."  ***Snipes v. DeTella***,  **95 F.3d 586, 592 (7ᵗʰ Cir. 1996)**.  Tate does not have a right to receive a particular course of treatment of his choosing.  ***Meriweather v. Faulkner***, **821 F.2d 408, 413 (7th Cir. 1987).**   The Eighth Amendment requires that the prison provide "adequate, minimum-level medical care."  ***Johnson v. Doughty***, **433 F.3d 1001, 1013 (7ᵗʰ Cir. 2006)**.  The Eighth Amendment does not require that an inmate be furnished with porcelain rather than composite crowns on his teeth.

In addition, there is no showing that any of the defendants had any personal control over the issue of whether plaintiff could be given porcelain crowns.  It does appear that both Chapman and Newbold referred to a policy of the IDOC that prohibited porcelain crowns.  Plaintiff has not alleged that these dentists or Pam Grubman had the authority to set policy for the IDOC in this regard.  On the contrary, his allegation is that these defendants were following a policy set by the department, and they had no discretion in the matter.

There has been no direct evidence of such a policy.  Assuming that such a policy existed, on the record now before the court, such a policy would not violate the constitution.  Chapman's affidavit states that composite crowns are permanently cemented into the mouth, and they look and function like natural teeth. **Chapman affidavit, ¶18**.  The Eighth Amendment does not guarantee an inmate unqualified access to health care; Rather, he entitled only to "adequate" care.  The cost of care is an appropriate factor for consideration. ***Johnson v. Doughty***, **433 F.3d 1001, 1013 (7ht Cir. 2006).**

**Count 3 - filling wrong tooth**

This last claim is nothing more than a claim for negligence or malpractice, which does not violate the constitution.  It is manifestly obvious that Chapman did not ignore plaintiff's complaints about his teeth.  On the contrary, Tate received more dental treatment at Menard than do most people who are not incarcerated.  The fact that, according to him, the dentist filled the wrong tooth on one occasion is a negligence claim.  "[T]he Eighth Amendment is not a vehicle for bringing claims for medical malpractice."  ***Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).**

He also claims that Chapman and Grubman violated his rights by making him wait to have tooth #17 filled.  Plaintiff claims that Chapman should have filled it on a visit in January, 2004, but he filled a different tooth by mistake.  According to the records, the tooth was filled on July 20, 2004.  Again, a wait of six or seven months to have a cavity filled does not constitute deliberate indifference on the record presented here.  ***Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002); *Langston v. Peters*, 100 F.3d 1235, 1240-1241 (7th Cir. 1996).**

## Recommendation

This court recommends that the Motion for Summary Judgment filed by defendants Pam Grubman and Steven Newbold **(Doc. 50),** and Defendant Dr. Nathan Chapman's Motion for Summary Judgment **(Doc. 54)** be **GRANTED** in their entirety.  Judgment should be entered in favor of all defendants on all claims.

Objections to this Report and Recommendation must be filed on or before **February 27, 2007.**

**Submitted: February 7, 2007.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**